IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JANICE HEARN,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-228**   (Fam. Ct. Kanawha Cnty. Case No. FC-20-2014-D-2080)

**RICKIE HEARN,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Janice Hearn ("Wife") appeals the Family Court of Kanawha County's May 8, 2025, final contempt order finding that Respondent Rickie Hearn ("Husband") owed her $2,000 in spousal support arrears and ordered him to pay her the same in two installments. Wife alleges Husband still owes her $3,961 in spousal support arrears.[1] Wife did not appear at the hearing below and asserts on appeal that she was not properly served notice. Husband did not participate in the appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there may be error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the family court's decision and remanding the matter for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in 1971 and divorced by order entered on May 15, 2015. Pursuant to the final divorce order, which incorporated the parties' settlement agreement, the family court awarded Wife permanent spousal support in the amount of $750, due on the first of every month, effective June 1, 2015, and $162 per month for supplemental health insurance premiums.[3] Husband missed some of these payments and underpaid others over the course of six years.

---

[1] Wife is self-represented.

[2] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, when the respondent fails to participate on appeal to support the order.

[3] Wife was represented by counsel in the divorce proceedings. Thereafter, she was self-represented.

1

On November 22, 2021, Wife filed a petition for contempt against Husband for his failure to pay spousal support as ordered. The family court conducted a hearing on Wife's petition for contempt on January 6, 2022, at which both parties appeared self-represented. The family court found that Husband owed Wife $10,961 in spousal support arrears and that he had the ability to pay the same. The court also found that Husband's arguments against his ability to pay were not credible. By order entered that same day, the family court found Husband to be in indirect civil contempt for his failure to pay spousal support as ordered and sentenced him to 179 days in the regional jail. The family court further ordered that Husband could purge himself of contempt by paying Wife $4,000.[4] Husband was incarcerated at the regional jail following the January 6, 2022, hearing. The family court released Husband from incarceration on January 7, 2022, when Husband remitted a payment of $4,000 to the Office of the Circuit Clerk of Kanawha County as a civil contempt bond.

On January 13, 2022, Wife, again self-represented, filed a second petition for contempt against Husband for his failure to pay and to purge himself of contempt pursuant to the family court's January 6, 2022, order. The family court scheduled Wife's second contempt petition for hearing on February 11, 2022. By order entered the same day, the family court acknowledged that Husband remitted $4,000 to the circuit clerk, contrary to its January 6, 2022, order, and ordered the circuit clerk to pay to Wife the $4,000 it received from Husband on January 28, 2022.

On April 14, 2025, Wife filed a third self-represented petition for contempt alleging that Husband had failed to make further spousal support payments following his payment of $4,000, and that he failed to pay her the remaining $6,961. The family court conducted a hearing on Wife's third petition for contempt on May 6, 2025. Wife did not appear at this hearing.[5] In Wife's absence, and based solely upon Husband's testimony, the family court found that Husband owed Wife only $2,000 in arrears as of that date. Pursuant to the May 8, 2025, order, Husband was to pay $1,000 the day of the hearing and the remaining $1,000 by June 7, 2025. It is from this order Wife now appeals.

For these matters, we use the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family

---

[4] Pursuant to West Virginia Code § 51-2A-9(b) (2012), sanctions for a finding of contempt "must give the contemnor an opportunity to purge himself or herself."

[5] The case docket below indicates that the notice of contempt hearing/rule to show cause was mailed to Wife's former attorney on April 17, 2025.

2

court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Wife contends that she did not receive notice of the May 6, 2025, hearing due to a mistake with service. She argues that she is prejudiced by the family court ordering Husband to pay only $2,000 in arrears when she contends Husband continued to owe her $6,961.[6]

We have remanded orders in which a party did not receive proper notice of a hearing. *See McKinney v. McKinney*, No. 23-ICA-408, 2024 WL 1737647 (W. Va. Ct. App. April 22, 2024) (memorandum decision) (holding the hearing notice was sent to wife's attorney but not to wife and hearing was mistakenly noticed as a status hearing rather than a final hearing); *Sharese W. v. Devon W.,* No. 22-ICA-303, 2023 WL 3172038 (W. Va. Ct. App. May 1, 2023) (memorandum decision) (holding that it was error to find that petitioner received notice of the hearing when the family court was informed that she had relocated); *Rea v. Jones*, No. 22-ICA-23, 2023 WL 152172 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision) (holding that it was error to dismiss the case after the party arrived five minutes late due to transportation difficulties).

Upon review of case docket entries in the record, the notice of the contempt hearing was served on Wife's former attorney who represented her in the underlying 2015 divorce action, even though Wife's 2025 petition for contempt indicated that she was then self-represented. Notably, the clerk sent the May 8, 2025, order directly to Wife.[7] Therefore, the record may support Wife's contention that she did not receive proper service of notice of the contempt hearing.

Accordingly, we remand this matter for the family court to determine whether Wife was properly served notice of the contempt hearing to satisfy due process. If the family

---

[6] Wife states that she is currently owed an additional $3,961 in spousal support arrears.

[7] The case docket sheet in the record indicates that Wife's former counsel was "removed from the case" the same day that the May 8, 2025, order was entered. The hearing notice sent to Wife's former counsel setting the date and time of the May 6 hearing was returned to the clerk as "not deliverable" well after the hearing was held. The family court could not have been aware of this possible service failure as of the date of the hearing. However, the case docket is reasonably susceptible of a reading that the notice may have inadvertently been sent by the clerk to an incorrect address.

court finds that Wife was not properly served with notice of the hearing, the family court shall further consider Wife's petition for contempt as the ends of justice require. Should the family court find that Wife was properly served with notice of the hearing at which she did not appear, the family court may take such reasonable action in its discretion as it may deem proper including reaffirming its May 8, 2025, order.

Vacated, in part, and Remanded.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge S. Ryan White

Judge Daniel W. Greear, not participating

4